UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE CHAMBERLAIN and STACY WILLIAMS,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MARGARET MIMS, FRESNO COUNTY SHERIFF, COUNTY OF FRESNO,<br><br>　　　　　Defendants. | No. 1:14-cv-01106-MCE-MJS<br><br>**MEMORANDUM AND ORDER** |

On July 1, 2014, Natalie Chamberlain and Stacey Williams ("Plaintiffs") filed the instant action against Margaret Mims, Fresno County Sheriff, and the County of Fresno ("Defendants") in the Superior Court of California, County of Fresno. On July 15, 2014, Defendants removed the action to this Court on federal question grounds pursuant to 28 U.S.C. § 1446(b), and subsequently filed a Motion to Dismiss (ECF No. 7). On August 5, 2014, Plaintiffs filed a Motion to Remand (ECF No. 11) the action to Fresno County Superior Court, contending that this Court lacks jurisdiction over the matter. For the following reasons, Plaintiffs' Motion to Remand is GRANTED, and Defendants' Motion to Dismiss is DENIED as moot.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

On July 1, 2014, Plaintiffs Natalie Chamberlain and Stacy Williams commenced this action against Defendants to challenge the Fresno County Jail's policy and procedure for providing its inmates with religious diets. ECF No. 1-1 at 7-8. In addition to state-law claims, Plaintiffs allege two federal claims for violation of the First Amendment to the United States Constitution and for violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C section 2000cc-1 (RLUIPA). Id. at 17. In their complaint, Plaintiffs make it clear that they bring this action as "citizen[s] and taxpayer[s] of the Country of Fresno." Id. at 8.

On July 15, 2014, Defendants removed the action to federal court pursuant to 28 U.S.C. section 1441(b), alleging the Court has original jurisdiction under 28 U.S.C. section 1331 based on the federal claims included in the complaint. ECF No. 1 at 1-2. According to the Declaration of Michael T. Risher (ECF No. 13), upon receiving notice of Defendants' Notice of Removal (ECF No. 1), Plaintiffs' Counsel informed Defendants' Counsel that Plaintiffs had no standing to sue in federal court based on their status as taxpayers and asked that they voluntarily remand back to the originating state court based on the resulting lack of any cognizable federal jurisdiction. See ECF No. 13. Defendants declined to accede to that request but subsequently, on July 28, 2014, filed a Motion to Dismiss Plaintiffs' Complaint, based on the very lack of standing to sue as taxpayers in federal court that Plaintiffs had already identified. See ECF Nos. 7 and 8. In response, on August 5, 2014, Plaintiffs filed a Motion to Remand the action to state court, and that motion, along with Defendants' Motion to Dismiss, is currently before the Court.

///
///
///
///

## STANDARD

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, ... and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state ...." Id. § 1332(a)(1)-(2).  Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant.  28 U.S.C. § 1332(a)(1); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed.2d 437 (1996) (stating that complete diversity of citizenship is required).

When a party brings a case in state court in "which the district courts of the United States have original jurisdiction," the defendant may remove it to the federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir.1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir.1986)).  A motion to remand is the proper procedure for challenging removal.  Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the court must grant the motion for remand. Id.  Additionally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal. 28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees

whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir.2000).

## ANALYSIS

In their Motion to Remand, Plaintiffs argue that because this Court had no jurisdiction over the case based on Plaintiffs' claimed standing as taxpayers, removal was improper, the case must be remanded, and the Court should order Defendants to pay some or all of Plaintiffs' costs and fees.  ECF No. 12 at 3-5.  More specifically, Plaintiffs contend that because they brought this action as taxpayers and citizens in state court, that status gave them standing to sue for prospective relief in state court, but not in federal court.  Id. at 4.  According to Plaintiffs, because they never had standing to sue as taxpayers in federal court, this Court lacked subject matter jurisdiction and should accordingly remand the case to state court.  Id.  In response, Defendants contend that standing is a different issue than the issue of original jurisdiction, and since Plaintiffs are bringing federal claims, removal was proper.  ECF No. 19 at 2.  Additionally, Defendants argue the case should be dismissed since Plaintiffs do not have standing to sue as taxpayers in federal court.  Id.

In their Complaint, Plaintiffs explicitly predicate their standing on being "citizen[s] and taxpayer[s] of the County of Fresno."  ECF No. 1-1 at 8-9.  While such standing does appear to be permitted in state court lawsuits, and even when federal claims are asserted in such lawsuits, it is not adequate for such purposes in federal court.  Compare Blair v. Pitchess, 5 Cal. 3d 258, 267, 486 P.2d 1242, 1248 (1971) with Lance v. Coffman, 549 U.S. 437, 439, 127 S. Ct. 1194, 1196, 167 L. Ed. 2d 29 (2007).  Consequently, Plaintiffs do not have standing to sue in federal court.  Thus, remand is proper if standing is considered jurisdictional.

"Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'"  Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1146, 185 L. Ed. 2d 264 (2013).  Additionally, "the core component of standing is an essential and

4

1  unchanging part of the case-or-controversy requirement of Article III." Lujan v.
2  Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351
3  (1992) (emphasis added).  Given that Plaintiffs never had standing to sue in federal
4  court as taxpayers and citizens, this Court never had jurisdiction over the case, and
5  consequently the Motion to Remand is GRANTED on grounds that the matter must be
6  transferred back to the state court where it originated.
7       Finally, Plaintiffs ask the Court to order Defendants to pay Plaintiffs' costs and
8  fees pursuant to 28 U.S.C. section 1447(c).  Specifically, Plaintiffs contend an award of
9  fees is proper because Defendants removed the case even though doing so was
10 contrary to established law.  ECF No. 12 at 5.  Here, the defense persisted in removing
11 the matter to this Court even after being warned by Plaintiffs' counsel that jurisdiction in
12 federal court was lacking.  In addition, Defendants' counsel compounded this
13 intransigence by moving to dismiss the action for failure to state a federal claim after
14 counsel had removed the case here on that very basis.
15      While the Court is cognizant that the very presence of federal claims triggers the
16 need to consider removal on federal question grounds, and while the thirty day period to
17 timely effectuate removal is a limited one, given the notice Defendants were provided
18 about the jurisdiction deficiency of Plaintiffs' claims in federal court, this Court believes
19 that some compensation to reimburse Plaintiffs for this improvident removal is
20 necessary.  After considering the matter carefully and exercising its discretion, the Court
21 declines to award the full $16,753.15 sought by Plaintiffs but, under the circumstances,
22 believes that an award of $7,500.00 is appropriate.
23
24                              **CONCLUSION**
25
26      For the reasons just stated, Plaintiffs' Motion to Remand (ECF No.11) is
27 GRANTED.  Because the Court lacks jurisdiction, Defendant's Motion to Dismiss (ECF
28 No. 7) is DENIED as moot.  Defendants are ordered to pay Plaintiffs $7,500.00 for costs

1  and fees incurred, to be paid directly to Plaintiffs' counsel not later than thirty (30) days
2  following the date this Memorandum and Order is electronically filed.  In the meantime,
3  the Clerk of the Court is directed to remand this case to the originating state court, the
4  Superior Court of the State of California in and for the County of Fresno, for final
5  adjudication.
6       IT IS SO ORDERED.
7  Dated:  November 24, 2014

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT