UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALIE CHAMBERLAIN and STACEY WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>MARGARET MIMS, FRESNO COUNTY SHERIFF, COUNTY OF FRESNO,<br><br>Defendants. | No. 1:14-cv-01106-MCE-MJS<br><br>**ORDER** |

This lawsuit was instituted by Plaintiffs to challenge the Fresno County jail's policy and procedure for providing inmates with religious diets. Plaintiffs, who are community activists, filed their complaint in Fresno County Superior Court on July 1, 2014, as "citizen[s] and taxpayers of the County of Fresno" (Compl., ECF No. 1-1 at ¶¶ 7-8). Defendants removed the action to this Court on July 15, 2014 pursuant to 28 U.S.C. § 1441(b), alleging that the Court had original jurisdiction under 28 U.S.C. § 1331 based on federal claims for violation of the First Amendment to the United States Constitution and for violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 ("RLUIPA"). Defendants filed a Motion to Dismiss less than two weeks later

1

on July 28, 2015, on the grounds that this Court lacked federal jurisdiction because Plaintiffs had no standing to pursue their claims in federal court.  In response to that Motion, Plaintiffs filed their own Motion to Remand on August 5, 2015, claiming that the lawsuit should never have been removed in the first place because the Complaint made clear that  Plaintiffs were suing as taxpayers and citizens, and that while state court standing was conferred by that status, federal standing was not.  Significantly, Plaintiffs' moving papers contained evidence that Plaintiffs' counsel informed defense counsel on July 25, 2014, in writing, that defense counsel could not litigate the case in federal court because Defendants lacked standing to do so. See Decl. of Michael Risher, Ex. C.  Plaintiffs' counsel further referenced case law supporting their position in that regard, citing the Supreme Court's decision in Hein v. Freedom from Religion Found., Inc., 551 U.S. 587,  597-98 (2007).  Defense counsel nonetheless declined the suggestion that they agree to remand the case back to state court, even though they were specifically informed by Plaintiffs' counsel that they would face a motion to remand if they failed to do so.  Instead, as stated above, Defendants filed their Motion to Dismiss on July 28, 2015, and Plaintiffs were required to file a motion to remand on August 5, 2015.

     By Memorandum and Order filed November 24, 2014 (ECF No. 30), this Court granted Plaintiffs' Motion to Remand and denied Defendants' Motion to Dismiss as moot in light of its remand of the matter back to Fresno County Superior Court.  Given the fact that Plaintiffs' Complaint, on its face, made it plain that standing was conferred in a manner not cognizable in federal court, and since defense counsel persisted in insisting that the case remain here despite being informed of the lack of federal standing (and filed a motion to dismiss predicated on lack of jurisdiction despite their removal of the lawsuit here on grounds that jurisdiction was indeed present), the Court ordered that Defendants pay $7,500.00 towards the $16,753.15 in attorney's fees that Plaintiffs incurred as a result of Defendants' improvident removal of the case to federal court.

///

Defendants now move for reconsideration of the Court's Memorandum and Order to the extent that Order awards attorney's fees. ECF No. 31. Defendants argue that the Court's award of partial attorney's fees was clearly erroneous and manifestly unjust. The Court disagrees.

A motion for reconsideration is properly brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989). A motion for reconsideration is treated as a Rule 59(e) motion if, like the motion presently before the Court, it is filed within twenty-eight days of entry of judgment. See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). A motion may be construed as a Rule 59 motion even though it is not labeled as such, or not labeled at all. Taylor, 871 F.2d at 805.

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993)). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

While Rule 59(e) permits a district court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Indeed, a district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d

1    656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. AcandS, Inc., 5 F.3d 1255, 1263

2    (9th Cir. 1993)).  Mere dissatisfaction with the court's order, or belief that the court is

3    wrong in its decision, is not grounds for relief under Rule 59(e).  Twentieth Century-Fox

4    Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

5           Additionally, Local Rule 230(j)(3) requires a party filing a motion for

6    reconsideration to show the "new or different facts or circumstances claimed to exist

7    which did not exist or were not shown upon such prior motion, or what other grounds

8    exist for the motion."  Finally, motions for relief from judgment pursuant to Rule 59(e) are

9    addressed to the sound discretion of the district court.  Turner v. Burlington N. Santa Fe

10   R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

11          In order to succeed, a party making a motion for reconsideration pursuant to Rule

12   59(e) must "set forth facts or law of a strongly convincing nature to induce the court to

13   reverse its prior decision."  Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL

14   2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of

15   Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on

16   other grounds, 828 F.2d 514 (9th Cir. 1987)).  Rule 59(e) motions for reconsideration are

17   not intended to simply "give an unhappy litigant one additional change to sway the

18   judge."  Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981) (quoting

19   Durkin v. Taylor, 444 F. Supp. 226, 233 (N.D. Ohio 1967)).

20          In urging the Court to reconsider its award of attorney's fees, Defendants fail to

21   meet the rigorous standards required to warrant reconsideration.  Contrary to their

22   contention, Plaintiffs' Complaint on its face specifically predicates standing on Plaintiff's

23   status as taxpayers and citizens, and that standing is plainly insufficient to confer federal

24   jurisdiction.  Moreover, even if the Complaint did not alert defense counsel of the

25   unavailability of a federal venue, counsel for Plaintiffs immediately alerted defense

26   counsel to the impropriety of their removal and asked Defendants to voluntarily remand

27   the matter before any expenses were incurred in litigating the matter here.  Defendants

28   declined to do so and forced Plaintiffs to file a motion for remand.

1 | In this Court's judgment, those factors taken together are more than sufficient to justify an award of attorney fees.  Defendants have not shown that the Court's decision in that regard was either clearly erroneous or manifestly unjust, as they must in order to invoke the extraordinary remedy of reconsideration.   Defendants' Motion for Reconsideration (ECF No. 31) is accordingly DENIED.[1]   In light of this ruling, Defendants' Motion for Stay of Enforcement (ECF No. 34) pending the outcome of its reconsideration request is DENIED as moot.  To the extent Plaintiff requests additional attorney's fees in having to respond to these motions, that request is also DENIED.

IT IS SO ORDERED.

Dated:  June 3, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Because oral argument was not deemed to be of material assistance, this Court ordered the matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).